UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CARL KETTLE, et al,

    Plaintiffs,

v.                                      19-CV-504 (JLS)

NEW YORK STATE THRUWAY
AUTHORITY, CONDUENT STATE &
LOCAL SOLUTIONS, INC., and
LINEBARGER GOGGAN BLAIR &
SAMPSON, LLP,

    Defendants.

---

## DECISION AND ORDER

On April 18, 2019, Carl Kettle, Larry Biesuz, Jr., and David Tredo commenced this putative class action against New York State Thruway Authority ("NYSTA"), Conduent State & Local Solutions, Inc. ("Conduent"), and Linebarger Goggan Blair & Sampson, LLP ("Linebarger"), alleging primarily that Defendants imposed unconstitutionally excessive fines for nonpayment of a cashless toll at the Grand Island Bridges. Dkt. 1. On October 2, 2019, this Court[1] referred the case to United States Magistrate Judge Hugh B. Scott for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 37. Presently before the court is Judge Scott's Report

---

[1] Judge Vilardo was originally assigned to this case and made the referral to Magistrate Judge Scott. On January 5, 2020, this case was reassigned to Judge John L. Sinatra, Jr. Dkt. 50.

and Recommendation ("R&R") (Dkt. 44) addressing Defendants' various motions to dismiss (Dkts. 14, 20, 21).

For the reasons discussed below, this Court accepts the R&R—with the exception of its recommendation that Plaintiffs Kettle and Trudo have asserted plausible claims for due process violations. The motions to dismiss are granted in full.

## BACKGROUND

This Court assumes the parties' familiarity with the details of this case, outlined in Judge Scott's thorough R&R, and will provide only a brief summary of the relevant background.

Plaintiffs challenge the collection of fines for cashless tolls on the Grand Island bridges. Dkts. 1, 6. Plaintiffs allege in their amended complaint that Defendants have violated the Eighth Amendment's prohibition against excessive fines and, separately, failed to give them fair notice in violation of due process guaranteed by the Fourteenth Amendment. Dkt. 6, at 20-23 ¶¶ 107-13, 114-27. Plaintiffs also bring related state constitutional law claims, claims under New York General Business Law § 349, and common law fraud claims. Dkt. 6, at 23-26 ¶¶128-31, 132-37, 138-50. Plaintiffs seek actual and compensatory damages, punitive damages, injunctive relief, and costs including attorneys' fees. Dkt. 6, at 26-27.

On May 24, 2019, NYSTA filed a motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction. Dkt. 14. On June 27, 2019, Conduent

filed a motion to dismiss of failure to state a claim, adopting many of the arguments made by NYSTA. Dkt. 20. On June 28, 2019, Linebarger moved to join Conduent's motion to dismiss (Dkt. 21), which was granted by Judge Scott on October 3, 2019. Dkt. 38. In subsequent briefing, as well as in oral argument on October 30, 2019 (Dkts. 42, 43), the parties addressed the relevance of *Farina v. Metro. Transp. Auth.*, 409 F. Supp. 3d 173 (S.D.N.Y. 2019), which involved analogous constitutional claims for a cashless-tolling process and had common defendants to the instant case.

On December 5, 2019, Judge Scott issued an R&R addressing the various motions to dismiss. Dkt. 44. Judge Scott concluded that the $50 and $100 violation fees were not constitutional fines under the Excessive Fines Clause and, alternatively, that the amounts charged in these fees were not grossly disproportional from the unpaid tolls to render the fines constitutionally excessive. Dkt. 44, at 36. Thus, Judge Scott recommended the motions to dismiss (Dkts. 14, 20) be granted to dismiss the Excessive Fines claim because the named plaintiffs, for different reasons, failed to state a claim for an Eighth Amendment violation. *Id.* As for Plaintiffs' due process claims, Judge Scott recommended that the motions to dismiss (Dkts. 14, 20) be denied as to Plaintiffs Kettle's and Tredo's claims, but granted as to Plaintiff Biesuz's due process claims. *Id.* Judge Scott also recommended granting Conduent and Linebarger's motion to dismiss on the basis that these private defendants did not qualify as state actors subject to liability under Section 1983. Dkt. 44, at 34, 36. Lastly, Judge Scott recommended granting

3

the motions to dismiss (Dkts. 14, 20) the common law fraud claim. Dkt. 44, at 36. Based on Plaintiffs' submissions, Judge Scott deemed Plaintiffs' remaining state law claims—Counts Three and Four, claims brought under the New York State Constitution and General Business Law—dropped. Dkt. 44, at 8. In sum, the R&R recommended dismissal of all claims except Kettle and Tredo's procedural due process claims against NYSTA. Dkt. 44, at 36.

Nearly all the parties filed objections to Judge Scott's R&R on December 19, 2019: NYSTA (Dkt. 45), Plaintiffs collectively (Dkts. 46-47), and Conduent (Dkt. 48). Briefing on these objections was completed on January 23, 2020.

## DISCUSSION

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the thorough R&R, the record in this case, the objections and responses, and the materials submitted by the parties. Based on that *de novo* review, the Court accepts and adopts all of Judge Scott's recommendations—with the exception of his recommendation that Plaintiffs Kettle and Trudo have asserted plausible claims for due process violations. For the reasons explained below, these claims fail. As such, the Court dismisses the complaint in its entirety.

I.   **Procedural Due Process**

A. <u>Plaintiff's Claims</u>

Count Two of the Amended Complaint raises a procedural due process violation. Dkt. 6, at 21-23 ¶¶114-127. Kettle asserts that he did not receive any prior notice before he received the "third" notice with administrative fees added. Dkt. 6, at 13 ¶¶ 66-69. Biesuz similarly claims he did not get a prior notice before being assessed administrative fees.[2] Dkt. 6, at 16-17 ¶¶ 87-95. Tredo, on the other hand, claims he received a bill for unpaid tolls but struggled to pay them after signing up for an EZ-Pass, resulting in administrative fees for each of his violations. Dkt. 6, at 17-18 ¶¶ 97-100. The essence of Plaintiffs' due process claim is that Defendants sent out notices imposing excessive fines, without "provid[ing] Plaintiffs with a reasonably clear way of contesting the fines imposed for non-payment." Dkt. 6, at 21 ¶ 117. Plaintiffs maintain that Defendants' system denies "any forum to dispute the imposition of the excessive administrative fees imposed on them." Dkt. 6, at 22 ¶ 118.

Defendants NYSTA and Conduent object to Judge Scott's due process analysis in the R&R on a number of grounds: Plaintiffs had actual notice of the toll nonpayment fees that precludes a due process claim, Plaintiffs were not deprived of any property interest under the due process clause, immediate notice is not

---

[2] Judge Scott ultimately recommended that Biesuz's claims—involving EZ-Pass fines—be dismissed because his exclusive remedy is in the New York Court of Claims. Dkt. 44, at 23, 36. Thus, Judge Scott did not recommend denying the motions to dismiss as to Biesuz's procedural due process claims.

5

required, the R&R relied on inapplicable notice provisions, and Plaintiffs had other means of constitutionally sufficient notice available, including signs, Article 78 review, and informal consultation with NYSTA. *See generally* Dkts. 45, 48.

### B. **Procedural Due Process**

The Fourteenth Amendment provides that "[n]o State shall...deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. To succeed on a due process claim, a plaintiff must establish that "he or she possesses a constitutionally protected interest in life, liberty, or property, and that state action has deprived him or her of that interest." *Morton v. County of Erie*, 335 F. Supp. 3d 449, 455 (W.D.N.Y. 2018) (quoting *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994)). "An essential principle of due process is that a deprivation of life, liberty or property 'be preceded by notice and opportunity for hearing.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950)).

Due process requires that the government provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (quoting *Mullane*, 339 U.S. at 314). In analyzing whether the notice is adequate, courts focus "on the reasonableness of the chosen means, not whether the affected persons actually received notice." *Brody v. Village of Port Chester*, 434 F.3d 121, 127 (2d Cir. 2005) (citing *Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir. 1988)). Though "due process does not require

6

actual notice, actual notice satisfies due process" if it "apprises [a party] of the pendency of the action and affords an opportunity to respond." *Oneida Indian Nation of N.Y. v. Madison County*, 665 F.3d 408, 429 (2d Cir. 2011) (quoting *Baker v. Latham Sparrowbush Assoc.*, 72 F.3d 246, 254 (2d Cir. 1995)). Due process also does not impose a "rigid requirement as to the precise timing with which notice must be given." *Id.* at 434.

Whether a pre-deprivation opportunity to be heard is constitutionally sufficient, regardless of the post-deprivation process afforded, depends on balancing the following: (1) the nature of the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *See Walter v. Queens Coll.*, 390 F. Supp. 3d 382, 399 (E.D.N.Y. 2019) (citing *Mathews v. Eldridge*, 424 U.S. 319, 355 (1976)). An opportunity to be heard must be "at a meaningful time and in a meaningful manner." *First Nat. Acceptance Co. v. City of Utica, N.Y.*, 26 F. Supp. 3d 185, 195 (N.D.N.Y. 2014) (quoting *Karpova v. Snow*, 497 F.3d 262, 270 (2d Cir. 2007)).

## II. Plaintiffs Fail to State a Procedural Due Process Claim

Even assuming Plaintiffs suffered a deprivation of a property interest,[3] this Court concludes that due process was satisfied in this case, where all plaintiffs received some notice that there were outstanding tolls and accompanying fees and had some opportunity to challenge the fees. Plaintiffs failed to plausibly allege constitutionally deficient notice and, thus, have not plausibly alleged a procedural due process violation.

First, regarding Plaintiff Tredo, he received an initial "Tolls by Mail" bill that contained a small form section labelled "To Dispute this Toll Bill." *See* Dkt. 6-11, Exh. K at 2. Like some of the plaintiffs in *Farina*, this notice included the date, time, and location of the claimed infractions, the amount of unpaid tolls, and short instructions for disputing any charges. *See id.*; *see also Farina*, 409 F. Supp. 3d. at 207. As in *Farina*, this Court concludes that this notice was reasonably calculated under the circumstances to apprise Tredo of the unpaid tolls—at this point, Tredo had not been charged any administrative fees—and afford him an opportunity to object. *Farina*, 409 F. Supp. 3d at 207. In Tredo's case, the obstacle to his ability to dispute the charges or fines was not based on the timing of the notice he received, but subsequent problems with setting up an EZ-Pass account that would be charged

---

[3] As Judge Scott noted in his Eighth Amendment analysis, no plaintiff had his registration suspended, no judgment was entered imposing fees, and each plaintiff had the power to remedy the violations and avoid the fines and fees by paying. Dkt. 44, at 21-22. However, for purposes of this motion, this Court will assume that the fines and fees allegedly exacted from plaintiffs constitute a protectable property interest. *See Farina*, 409 F. Supp. 3d at 206.

8

for the tolls. Dkt. 6, at 17-18 ¶¶ 98-100. Thus, Tredo had actual notice of the outstanding tolls and opportunity to be heard, which satisfies due process.

As for Kettle, he claims he did not receive any notice until there were already administrative fees assessed to him. Dkt. 6, at 13 ¶¶ 67-70. Accepting these allegations as true, the Court still concludes that the notices sent to Kettle constituted sufficient due process. While not receiving the same notice as Tredo containing the "To Dispute this Toll Bill" section, Kettle had actual notice of the administrative fees before Defendants took any legal action to collect them. Dkt. 6, at 13-15 ¶¶ 67-75; *see* Dkts. 6-2, 6-4, 6-5, Exhs. B, D, E. After calling the helpline, Kettle even wrote a letter, disputing the administrative fees assessed to him—at that point, $200—and protesting the lack of notice. Dkt. 6, at 13-14 ¶ 70; Dkt. 6-3, Exh. C. Further, the delay in Kettle receiving notice does not suffice to state a due process claim: the due process clause does not require "immediate notification," and "mail-based notice that is reasonably calculated to reach its intended recipient has repeatedly been held sufficient to safeguard due process." *Farina*, 409 F. Supp. 3d at 208 (quoting *Jones*, 547 U.S. at 226); *see id.* 208-212 (rejecting arguments that due process rigidly requires immediate notice and finding time gaps, including one alleged gap of eighteen months, between violations and receipt of notice did not prevent plaintiffs from taking steps to protect their property interests). The Court concludes that the notice Kettle received constitutes adequate notice and opportunity under the due process clause on these facts.

9

Lastly, applying the *Mathews* test to this case, this Court concludes that Plaintiffs have not alleged they lacked a meaningful opportunity to be heard. The private interest at stake is minimal—a $50 fee. NYSTA has a clear, strong interest in the effective administration and collection of tolls at the Grand Island Bridges. And Plaintiffs had numerous ways to object to the fees and fines assessed to them informally and formally. While only Tredo received the notice with an explicit "dispute" section, Kettle did not lack means to dispute the allegedly erroneous fees—he wrote a letter voicing his objections. Dkt. 6, at 13-14 ¶¶ 67-70; Dkt. 6-3, Exh. C. Plaintiffs also had the remedy of an Article 78 proceeding to challenge the nonpayment fees. And where a plaintiff is free to bring an Article 78 proceeding in state court but does not, generally the plaintiff cannot "be heard to complain of a denial of procedural due process." *See Reyes v. County of Suffolk*, 995 F. Supp. 2d 215, 227 (E.D.N.Y. 2014) (quoting *Nenninger v. Port Jefferson*, 509 Fed. App'x 36, 39 n.2 (2d Cir. 2013)). It is true that where procedural due process claims are based on systemic insufficiency of process, "the mere existence of the Article 78 process does not by itself defeat [a plaintiff's] claim." *Pierre v. N.Y.C. Taxi and Limousine Comm'n*, 17-CV-973 (MKB), 2017 WL 1417257, at *5 (E.D.N.Y. Apr. 19, 2017). But the availability of additional process in an Article 78 proceeding remains a relevant factor in the *Mathews* analysis. *Id.* at *6. Thus, assuming the truth of Plaintiffs' allegations of erroneous fees and delays, this Court concludes that these informal mechanisms for disputes and the availability of Article 78 proceedings provided Plaintiffs with sufficient due process under *Mathews*.

10

For the reasons explained above, the Court concludes that no plaintiff has alleged plausibly that any defendant deprived them of due process. Defendants' motion to dismiss Kettle's and Tredo's due process claims is also granted.

## CONCLUSION

For the reasons stated above and in the R&R, NYSTA's motion to dismiss (Dkt. 14) is GRANTED, and Conduent's motion to dismiss (Dkt. 20), joined by Linebarger (Dkt. 21), is GRANTED. The Clerk is directed to close the file.

SO ORDERED.

Dated:   June 2, 2020
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE